IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:22-cv-41

AMBER BOWSER and DENNIS BOYCE,
individually and as co-administrators of the
ESTATE OF CAMERON BOYCE,

Plaintiffs,

v.

UNITED STATES OF AMERICA.,

Defendant.

**COMPLAINT
(JURY TRIAL REQUESTED)**

NOW COME THE PLAINTIFFS, complaining of the Defendant as follows:

## PARTIES

1. The plaintiffs, Amber Bowser and Dennis Boyce, are citizens and residents of Northampton County, North Carolina.

2. Amber Bowser and Dennis Boyce qualified as the co co-administrators of the estate of their infant son, Cameron Boyce ("Baby Boyce"), on or about June 15, 2021.

3. Said estate has been opened in Northampton County, North Carolina and bears civil action number 21-E-145.

4. Plaintiffs' Claims against Defendant United States of America are filed pursuant to the Federal Torts Claim Act (28 U.S.C.A. §§ 2671 to 2680) arising from the negligence of a Public Health Service employee under 42 U.S.C. 233 (g)-(n).

5. Upon information and belief, Kelly Lynne Pieh Holder ("Holder") is a doctor of osteopathic medicine licensed to practice in the State of North Carolina.

6. Upon information and belief, Halifax Regional Medical Center, Inc. ("Halifax") is a non-profit corporation existing under the laws of the State of North Carolina and is a hospital domiciled in

1

Halifax County.

7. Upon information and belief, at all times relevant to this complaint, Holder was an agent or employee of Rural Health Group, Inc. a non-profit federally qualified community health center.

8. Upon information and belief, at all times relevant to this complaint, Holder was acting as an agent or employee of Halifax and was a Federal Employee.

## JURISDICTION

9. Plaintiffs initially filed a Motion and Order Extending Statute of Limitations in a Medical Malpractice Action in Halifax County, North Carolina, on September 20, 2021. The Order was signed by the Resident Superior Court Judge on September 30, 2021, and therefore, the statute of limitations was extended by 120 days per North Carolina law.

10. Upon service of the Motion and Order upon practitioners Holder, Oussama Saleh, M.D. and facility Halifax Regional Medical Center, plaintiffs were advised by October 28, 2021, correspondence from the United States Department of Health & Human Services, that Holder's medical practice Rural Health Group, Inc., 500 Jackson Street, Roanoke Rapids, North Carolina 27870, is a non-profit, federally qualified health center.

11. The correspondence advised that the health center, Rural Health Group is a Health Center Program grantee under 42 U.S.C. 254b, is deemed Public Health Service employee un(g)-(n) and is a FTCA-deemed facility. It advised that the plaintiffs must first exhaust their administrative remedies prior to commencement of a civil action tort.

12. Plaintiffs filed a Claim for Damage, Injury, or Death with the United States Department of Health & Human Services on November 15, 2021.

13. On April 20, 2022, plaintiffs were advised by the United States Department of Health & Human Services that their claim was denied because "the evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a Federal employee acting within the scope of employment."

14. Plaintiffs have six months from the date of the determination to file a lawsuit in federal court and

whereby, file the instant action.

15. At all times material, upon information and belief, Holder was a Public Health Service employee. All of the acts or omission complained of were performed by the above-named employee of the Defendant while acting withing the scope of her employment.

## VENUE

16. Plaintiffs are citizens of Northampton County, North Carolina. Defendant Holder, at the time of the events, was a practitioner in Halifax County, North Carolina and are both believed to reside within counties located in the Eastern District of North Carolina.

17. Northampton and Halifax counties are both located in the Eastern District of North Carolina and the Eastern Division is the location where these events took place.

## FACTUAL BACKGROUND

18. On or about September 26, 2019, Amber Bowser was admitted to Halifax for the delivery of her infant son.

19. Kelly Holder, DO, provided the care to Bowser during her delivery.

20. During her pregnancy, Bowser developed preeclampsia which is a pregnancy complication often characterized by high blood pressure and can make a patient with that condition, prone to seizures.

21. Upon Bowser's admission to the hospital, she was given magnesium, which is a drug known to help prevent seizures.

22. Upon information and belief, the preeclampsia caused Bowser to suffer from kidney failure. Kidney failure increases a patient's risk of developing magnesium toxicity. Bowser's health care providers did not adequately monitor her kidney function and therefore did not identify a kidney injury and therefore, did not lower the dose or stop the magnesium. This resulted in a toxic overdose of magnesium which caused respiratory depression.

23. Baby Boyce relied on oxygen from his mother through the placenta.

24. Based on the provided medical records and charts, there were numerous instances and occurrences whereby Halifax, through its agents, nurses, doctors, and physician assistants, knew or should have

known about the existence of abnormally high magnesium levels.

25. Upon information and belief, Halifax had easily accessible means to counterproductive measures (even within Bowser's own hospital room) which could have lowered the magnesium levels and prevented any magnesium overdose.

26. After significant delay, the Defendants eventually discovered the overdose and finally began countermeasures to try to control the level of magnesium.

27. However, at the time of delivery, the magnesium levels were still dangerously high.

28. During the course of delivery, the respiratory condition of Baby Boyce was being monitored through a fetal monitor.

29. At approximately 12:00 PM, Baby Boyce was in severe distress, but no actions were taken by the Defendants to deliver the baby until approximately 2:41 PM.

30. When Baby Boyce was eventually delivered, he was in severe distress and was air lifted to Vidant Medical Center in Greenville, North Carolina.

31. Baby Boyce succumbed to his injuries and died on October 1, 2019.

32. After Baby Boyce's death, the Defendants withheld the disclosure of Boyce's medical records for a significant period of time without reason or justification and in despite of immediate requests from the plaintiffs.

## COUNT I
## NEGLIGENCE
**(Wrongful Death – Cameron Boyce)**

33. The paragraphs above are hereby incorporated by reference and realleged.

34. When Bowser was admitted into the hospital, she and her unborn child were owed a duty by the Defendants to use due care and caution in their treatment so as to reasonably protect the health of both and to avoid injury to Baby Boyce.

35. The medical care and all medical records pertaining to the alleged medical negligence described herein that are available to the Plaintiffs after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence

and who is willing to testify that the medical care described below did not comply with the applicable standard of care.

36. The Defendants were negligent in one or more of, but not limited to the following particulars:

    a. Gave Bowser an overdose of magnesium;
    b. Failed to adequate monitor magnesium levels;
    c. Failed to provide countermeasures to reduce the magnesium level in a timely manner;
    d. Failed to assess kidney organ distress and damage;
    e. Failed to monitor the respiratory distress of Bowser;
    f. Failed to monitor and react to the fetal monitor;
    g. Delayed in delivering Baby Boyce once he was in distress;
    h. After Baby Boyce's death, failed to provide medical records in a timely manner; and
    i. Other ways that may be proven in the discovery of this matter.

37. The negligent acts or omissions of the Defendants were the proximate cause of the death of Baby Boyce.

38. Halifax is liable for the acts and omissions of Defendant Holder, as well as its nurses, doctors, physicians' assistants and other agents who were acting within their scope of employment at all relevant times described above.

39. The Estate of Cameron Boyce is entitled to recover from the Defendants, all damages enunciated in North Carolina General Statute § 28A-18-2 including:

    a. Expenses for medical care and treatment and medical transport incident to the negligence.
    b. Compensation for Baby Boyce's pain and suffering prior to his death.
    c. The reasonable funeral expenses of Baby Boyce.
    d. The present monetary value of the loss of Baby Boyce, including the loss of society, companionship, comfort, and love.

40. The Estate of Cameron Boyce, and his heirs, have been damaged in an amount in excess of $25,000 as a direct and proximate result of Defendants' negligence.

## COUNT II
### (Parents' Claim for Medical Expenses)

41. The paragraphs above are hereby incorporated by reference and realleged.

42. Because Baby Boyce was a minor, Bowser and Boyce are legally responsible for the medical expenses the baby incurred.

43. That as a direct and proximate result of the Defendants' negligence, Bowser and Boyce incurred

5

said medical expenses.

44. Bowser and Boyce are entitled to reimbursement for those medical expenses which are alleged to be in excess of $25,000.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Bowser and Boyce)**

45. The paragraphs above are hereby incorporated by reference and realleged.

46. The Defendant's conduct was negligent as alleged above.

47. It was reasonably foreseeable that the negligent conduct would cause the parent plaintiffs severe emotional distress and mental anguish.

48. The negligent conduct of the Defendant proximately caused severe emotional distress in the parent plaintiffs.

49. As a result of the Defendant's negligence, Bowser and Boyce are entitled to a recovery of compensatory damages in excess of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFFS pray unto the Court for the following relief:

1. That the Plaintiffs have and recover compensatory damages.
2. That the costs of this action be taxed against the Defendants.
3. That the Plaintiffs have and recover attorney fees if allowed by law.
4. That issues of fact be tried to a jury.
5. For such other relief as the Court deems just and proper.

This the 5th day of October, 2022.

/s/ Fred W. DeVore, III
Fred W. DeVore, III – NC State Bar #10308
F. William DeVore, IV – NC State Bar #39633
Brittany Conner – NC State Bar # 53913
*Attorneys for Plaintiffs*
DEVORE, ACTON & STAFFORD, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242

(704) 332-2825 *facsimile*
*fdevore@devact.com*
*wdevore@devact.com*
*bconner@devact.com*